```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                 SOUTHERN DIVISION
```

JUNIOR Z. GREEN,                 :

    Plaintiff,                  :

vs.                              :
                                       CIVIL ACTION 06-0419-M

LINDA S. McMAHON,[1]             :
Acting Commissioner of
Social Security,                 :

    Defendant.                  :

## MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (Docs. 1, 11).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18).

Defendant has filed a Motion and Memorandum for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (Doc. 15).  Defendant has stated that Plaintiff's attorney has no objection to the motion (Doc. 15, p. 2).

---

[1] On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Defendant states that

> upon remand by the Court, the Commissioner
> will direct an [Administrative Law Judge
> (ALJ)] to further develop the record and
> reevaluate Plaintiff's mental impairment.
> Specifically, the Appeals Council will direct
> the ALJ to obtain evidence from a medical
> expert as to whether the Plaintiff's
> impairment meets or equals in severity the
> criteria of any impairment listed in Appendix
> 1, Subpart P of the regulations, with
> particular attention to section 12.05.  The
> medical expert will also be asked to provide
> a medical source statement, as appropriate,
> as to what the Plaintiff can do despite his
> impairment.  The ALJ will provide a complete
> rationale for each finding reached under the
> sequential evaluation process.

(Doc. 15, p. 2).  This is a tacit admission that Plaintiff's application was not appropriately considered and that this action should be reversed.  Without reviewing the substantive evidence of record, this Court accepts Defendant's acknowledgment of error.

It appears to the Court that the decision of the Secretary should be reversed and remanded.  Such remand comes under sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this report, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Therefore, it is **ORDERED**, without objection from Plaintiff, that Defendant's Motion to Remand under sentence four be **GRANTED** (Doc. 15) and that this action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative

proceedings not inconsistent with the orders of this Court. Judgment will be entered by separate order.

    DONE this 9th day of February, 2007.


                                                s/BERT W. MILLING, JR.
                                                UNITED STATES MAGISTRATE JUDGE